# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EDDIE LAMAR JOHNSON** | : | **DOCKET NO. 2:22-cv-0571** |
| **REG. # 22965-075** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN** |
| **WARDEN MA'AT** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the Court is Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus, pursuant to Federal Rule 12(b)(1). Doc. 9. Petitioner did not file an opposition. For the reasons set forth below, the undersigned recommends that Respondents' Motion To Dismiss be granted.

### I.
### BACKGROUND

Petitioner, Eddie Lamar Johnson, is presently serving a federal sentence in the custody of the United States Bureau of Prison ("BOP") in the Federal Correctional Institution in Oakdale, Louisiana. On February 22, 2022, he filed a Petition for Writ of Habeas Corpus requesting expungement of a disciplinary report and reinstatement of thirty (30) days of Good Conduct Time.

Respondent filed the instant Motion to Dismiss stating that the prison Disciplinary Hearing Officer expunged the referenced incident report on June 10, 2022, and restored thirty (30) days of Good Conduct Time to Petitioner and, therefore, his Petition is moot. *See* doc. Doc. 9, att. 2, Declaration of Gerard Rawls, with attachments.

## II.
### LAW & ANALYSIS

The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. October 6, 2005) (citation omitted).

In the present case, petitioner requested his disciplinary conviction be expunged from his record and his good conduct time restored. Petitioner has, therefore, received the relief requested and no controversy remains with respect to this petition.

## III.
### CONCLUSION

Based on the foregoing**, IT IS RECOMMENDED** that the Motion to Dismiss Pursuant To Federal Rule 12(b)(1) filed by the Government (doc. 9), be **GRANTED**, the Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice and that this proceeding be terminated.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-3-

THUS DONE AND SIGNED in Chambers this 5th day of October, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE